UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILLY HIGHTOWER,

    Petitioner,

v.                                                  CASE NO: 8:05-CV-1178-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, which was timely filed, Respondent's response (Dkt. #7) and Petitioner's reply (Dkt. #10). Petitioner asserts that the writ should issue because his state court charges should have been dismissed because the State of Florida did not bring him to trial within the time required by Florida's speedy trial rule, Fla.R.Crm.P. 3.191. The government argues that Petitioner is not entitled to relief because his claim fails to state a federal constitutional issue and is procedurally barred. For the reasons raised by the government, and for the additional reason that Petitioner has failed to satisfy the elements necessary to demonstrate a violation of his Sixth Amendment right to a speedy trial under the federal Constitution, the petition will be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, § 2254(d) governs the review of those claims. See Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. See Wright v. Sec. of Dept. of Corrs., 278 F.3d 1245, 1255 (11th Cir. 2002).

Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.

## FACTUAL AND PROCEDURAL BACKGROUND

The government has succinctly set forth the factual and procedural background of this case, [1] as follows:

### II. PROCEDURAL HISTORY

Hightower was charged by Information on May 10, 2002, in case number CRC02-07676CFANO, with one count of Aggravated Battery, by committing a battery upon a pregnant woman. (Vol. 1: R 1).[2] Subsequently, Hightower was charged by Information on May 23, 2002, in case number CRC02-07677CFANO, with one count of Aggravated Battery, by committing a battery upon a pregnant woman, and one count of Possession of Cocaine. (Vol. 1: R 14-15).

Initially, Hightower elected to proceed to trial on the aggravated battery charges. On June 19, 2003, Hightower entered an open no contest plea on the possession of cocaine charge in Case No. CRC02-07677CFANO. (Vol. 3: R 121-122; Vol. 8: R 301-323). He was then sentenced, by the Honorable Brandt C. Downey, III, Circuit Judge, to five years in state prison the possession of cocaine charge. (Vol. 3: R 123-128). The judgment and sentence reflect that the five year sentence is to run consecutive to the sentence in Case No. CRC00-12740CFANO (violation of probation). The aggravated battery charges were then passed to the Honorable Jack R. St. Arnold, Circuit Judge, for trial.

---

[1] Petitioner does not disagree with the government's recitation of the facts or procedural history. Petitioner does disagree with the legal conclusions drawn by the state court.

[2] The eight-volume record on appeal is attached as Respondent's Exhibit 7. The volumes are not numbered, however the pages are numbered sequentially from 1-325, in the lower right hand corner. Citations to the record include the volume number, followed by the appropriate page number.

On June 19, 2003, before Judge St. Arnold, Hightower elected not to go to trial and instead entered nolo contendere pleas to the two aggravated battery charges in Case Nos. CRC02-07676CFANO and CRC02-07677CFANO. (Vol. 2: R 96-114). He was then sentenced to 60.9 months in state prison on these two charges, with the counts running concurrently with each other and with the sentence previously imposed for the possession of cocaine charge in Case No. CRC02-07677CFANO. (Vol. 1: R 8-11, 29-32).

**Motions for Discharge**

On October 14, 2002, Hightower filed a pro se demand for speedy trial. (Vol. 1: R 53). According (to) the assertions in the memorandum of law, this motion was denied or stricken because Hightower was represented by counsel. (See Petitioner's Memorandum of Law at pp. 3-4).

On October 24, 2002, Hightower's attorney, Assistant Public Defender Michael Bowdish, filed a notice of expiration of speedy trial time in Case No. CRC02-07676, pursuant to Fla. R. Crim. P. 3.191. (Vol. 1: R 20). On November 5, 2002,[3] after a hearing, Hightower was found to be in violation of probation in Case No. CRC00-1274CFANO. (Vol. 6: R 188-287). Probation was revoked and Hightower was sentenced to twenty (20) years imprisonment on the burglary and dealing in stolen property charges. Following imposition of sentence, the court addressed the upcoming trial in the 2002 cases at issue in this federal proceeding. The State moved for a continuance and tolling of speedy trial in Case No. 02-07676, based on exceptional circumstances under Fla. R. Crim. P. 3.191. The State advised that the aggravated battery victim, Tamara Harrold, did not show up for trial despite being served with a subpoena. The trial court granted the State's motion to toll speedy trial. (Vol. 6: R 285-286).

On November 6, 2002, Judge Khouzam held a pretrial hearing in Case No. CRC02-07677CFANO. (Vol. 6: R 288-293). Even though this was the last day of the speedy trial period pursuant to Hightower's demand for speedy trial, Hightower voluntarily refused to come to court. The court ruled that Hightower's refusal to appear was, in fact, a waiver of speedy trial. (Vol. 6: R 291).

---

[3] The "2003" dates on the November 5, 2002 and November 6, 2002 hearing transcripts appear to be scrivener's errors.

On December 2, 2002, Hightower's attorney filed a motion for discharge on speedy trial grounds on Case No. CRC02-07676CFANO. (Vol. 1: R 6-7). Additionally, the attorney filed a motion to discharge in Case No. CRC02-07677CFANO, on December 3, 2002. (Vol. 1: R 21-22). On December 16, 2002, Judge Khouzam held a hearing on Hightower's motions for discharge in both cases. (Vol. 1: R 77-86). The State summarized its argument as to both cases as follows:

> MR. ELLIS [Assistant State Attorney]: Judge, as to the first trial date [02-07676], the Court was well aware that the victim did get subpoenaed for the trial and failed to appear while under subpoena for the trial, that's not foreseeable when somebody is actually served. The Court took that into consideration. The Court gave a tolling finding that is one of the exigent circumstances under speedy trial that would allow a case to go beyond speedy trial, the Court made that finding.
>
> I think nothing has changed in their argument and I would ask the Court to remain with that finding. Mr. Morgan has invests this afternoon, but he was here before the Court arguing that and I think that the Court gave a tolling at that point, which is appropriate under the rules, and we maintain that the motion should be denied.
>
> As to the second case [02-07677], when a defendant refuses to come to court that is a waiver of the speedy trial rights. It was to no action upon the State, it is the action upon the Defendant that did that. So I think that's clear. It doesn't really matter why he refused to come to court unless he was physically unable to do so, which was not the case. He voluntarily refused to come to court.
>
> Therefore, Judge, his voluntary refusal to come to court on the possession of cocaine case that was to go that day was something that he did himself and now he cannot claim that I refused to come to court, therefore, speedy trial can run. If that was the case, Judge, as the Court is well aware, all of the defendants over there would refuse to come to Court until speedy trial had run and then ask for a motion for discharge. He cannot now gain a benefit from his action of refusing to come over.

> As to the other situation, again, Judge, the victim was served, failed to appear, the Court made that finding and issued the tolling. We'd stand on the arguments that we made previously and ask the Court to deny both motions to discharge.

(Vol. 1: R 83-84). After hearing further argument from defense counsel, Mr. Bowdish, the court denied the two motions for discharge. (Vol. 1: R 85).

**Direct Appeal**

Hightower pursued a direct appeal. Hightower's appellate counsel, Assistant Public Defender Bruce P. Taylor, filed an initial brief (Exhibit 1) raising the following issue:

> DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION FOR DISCHARGE?

As Hightower correctly points out in his initial brief, he did not reserve his right to appeal the denial of the motion for discharge as to the possession of cocaine charge. (See Appellant's brief, pp. 2, 9). The State filed its answer brief. (Exhibit 2). On April 15, 2005, in Case No. 2D03-3457, the Second District Court of Appeal filed a per curiam unwritten opinion affirming Hightower's convictions and sentences. (Exhibit 3). Hightower v. State, 905 So. 2d 132 (Fla. 2d DCA 2005)[table]. Hightower filed a pro se motion for rehearing (Exhibit 4), which was denied by the appellate court on May 25, 2005. (Exhibit 5). The court issued its mandate on June 10, 2005. (Exhibit 6). The eight-volume record on direct appeal in Case No. 2D03-3457 is attached as Respondent's Exhibit 7.

## DISCUSSION

Hightower's petition fails because it:

1. fails to state a federal Constitutional issue,

2. is procedurally barred, and

3. fails to demonstrate a violation of Petitioner's right to a speedy trial under the

Sixth Amendment.

First, although Petitioner makes general conclusory statements concerning his federal speedy trial rights under the Sixth Amendment and his due process rights under the Fourteenth Amendment, his allegations and arguments focus on whether the state violated his right to a speedy trial under Fla.R.Crm.P. 3.191. Whether a state violates its own rules of criminal procedure is a matter of state law left to state courts. It is not within the province of this Court to collaterally review state court decisions based on state law. "Violation by state officials of a state's speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition." Poe v. Caspari, 39 F.3d 204 (8th Cir. 1994). Even if Petitioner were correct that his right to a speedy trial under Florida's Rule of Criminal Procedure was violated, that does not mean that his federal Sixth Amendment rights to a speedy trial were also violated. A separate showing is necessary to demonstrate that one's Sixth Amendment rights have been violated before habeas relief will be granted.

Second, had Petitioner properly raised a federal claim under the Sixth and Fourteenth Amendments, the claim would be procedurally barred because his federal speedy trial rights were not presented to the state appellate courts for review. "In order for a claim to have been adequately presented to a state court for procedural purposes in a habeas proceeding, the same facts and legal theories in support of the claim must be advanced in both state and federal court." Ford v. Armontrout, 916 F.2d 457, 460 (8th Cir. 1990), *cert. denied*, 499 U.S. 964, 111 S.Ct. 1594 (1991). The claim Petitioner presented to the Florida appellate court relied only on his argument that the state had violated Fla.R.Crm.P. 3.191. No Sixth Amendment violation was presented to any of the Florida courts. Additional facts not

present in a consideration of whether a violation occurred under the Florida Rule of Criminal Procedure are necessary to establish a violation of one's federal constitutional right to speedy trial Since the state courts were not granted the opportunity to analyze whether Petitioner's federal speedy trial rights were violated, this claim is procedurally barred unless Petitioner can show cause and prejudice for his failure to present the claim to the Florida courts. He has shown neither cause nor prejudice. And, he makes no showing of actual innocence in an attempt to demonstrate a miscarriage of justice.

And third, had Petitioner's claim not been procedurally barred, it would still fail because Petitioner has failed to demonstrate a violation of the Sixth Amendment right to a speedy trial. To do so, one must meet the four factors set out by the Supreme Court in <u>Barker v. Wingo</u>, 407 U.S. 514, 92 S.Ct. 2182 (1972):

(1)   the length of the delay,

(2)   reason for delay,

(3)   defendant's assertion of his right to a speedy trial, and

(4)   prejudice resulting from the delay in bringing the defendant to trial.

<u>Barker</u> at 530.

Petitioner argues items (1) and (3). As to item (2) (the reason for the delay), the state court made findings of fact that it determined constituted an exception to Florida's speedy trial rule. This Court is bound by the state court's finding of fact. More important, the Petitioner has made no showing of prejudice resulting from the delay. He has not argued, much less shown, that his defense was undermined by loss of evidence or unavailability of

witnesses. Absent a showing of prejudice, his claim that his federal constitutional rights were violated must fail.

For these reasons, the Petition will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on January 11, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2005\05-cv-1178.deny 2254.wpd*